# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2010

No. 09-30767
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARRETT M. RUSHING,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CR-95-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Garrett M. Rushing pleaded guilty to possession with intent to distribute methamphetamine and use of a firearm during a drug trafficking crime, pursuant to 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A). The guidelines sentencing range was 92 to 115 months for the methamphetamine offense and 60 months for the firearm offense. The district court determined that an upward variance from the guidelines range was appropriate and imposed consecutive sentences of 135 and 72 months, respectively.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rushing challenges the district court's reasons for the sentences as insufficient. Because he did not object on this basis in the district court, we review the issue for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 258, 261-62 (5th Cir. 2009). Rushing confuses the upward variance imposed by the district court with an upward departure under U.S.S.G. § 4A1.3. He asserts that the district court's explanation was insufficient because it did not show that the court applied the procedure required by § 4A1.3(a)(4)(B) and because the court relied on his arrest record in violation of § 4A1.3(a)(3). We distinguish between an upward departure allowed under the guidelines and a non-guidelines sentence, or variance, that is outside of the guidelines range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). The district court stated that it was imposing an upward variance. As such, it was permitted to rely on Rushing's arrest record, supported by additional evidence of criminal conduct (including Rushing's "six or seven" convictions as well as the violent and drug-related nature of the charges underlying his prior arrests), in imposing the above-guidelines sentence. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008). The provisions of § 4A1.3 did not apply, and the district court did not err by failing to show that it complied with those provisions. *See United States v. Smith*, 440 F.3d 704, 706–08 (5th Cir. 2006).

Next Rushing contends that the district court erred by relying on elements of the offense to impose the above-guidelines sentence. The appellant's brief must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies." FED. R. APP. P. 28(a)(9)(A). Rushing abandons this argument by failing to offer any legal support for it. *See id.*; *United States v. Stalnaker*, 571 F.3d 428, 439–40 (5th Cir. 2009).

Rushing also asserts that the district court's reasons were not factually specific or detailed enough to allow review by this court. The district court

provided a lengthy explanation for the upward variance that included fact-specific reasons such as Rushing's "six or seven" prior convictions, 25 arrests, history of narcotics distribution and physical violence, and the violence involved in the instant offense. It cited aggravating circumstances not accounted for by the guidelines, including a separate robbery committed by Rushing on the night of the instant offenses, his possession of firearms as a convicted felon, his fleeing to Wyoming after the instant offenses, and his failure to provide officials with the source of methamphetamine he purchased. The district court referenced the sentencing factors under § 3553(a) and explained that the variance was necessary to protect society and deter future crimes. The court acknowledged Rushing's argument that his troubled background was a mitigating factor but rejected it because Rushing had "ample opportunities" as an adult to change but failed to do so. Accordingly, we find no error, plain or otherwise, with the reasons provided by the district court. *See Smith*, 440 F.3d at 708; *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

We do not consider Rushing's remaining argument that the consecutive sentences imposed by the district court were disproportionate to his offenses and unsupported by the record. Although Rushing states that this court should use the sentencing factors under 18 U.S.C. § 3553(a) as a guide in reviewing the reasonableness of his sentences, he does not explain why the sentences were excessive under those factors, dispute the factors relied on by the district court, or cite to the record. By failing to brief the issue sufficiently, he waives it. *See* FED. R. APP. P. 28(a)(9)(A); *Stalnaker*, 571 F.3d at 439–40.

AFFIRMED.